IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-549

| | |
|---|---|
| RACHELLE WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE # 25, 29). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") wherein he recommends that the court deny plaintiff's motion, grant defendant's motion, and uphold the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff timely filed objection to the M&R to which defendant did not respond. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

**BACKGROUND**

A detailed summary of the factual history of the case is found in the M&R, is not objected to by plaintiff, and is not necessary to reproduce in its entirety here. (See M&R 2-10.) The court incorporates by reference the magistrate judge's recitation of the facts.

Plaintiff filed an application for a period of disability and disability insurance benefits

("DIB") on January 23, 2008, alleging a disability onset date of December 15, 2005. Her claim was initially denied and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ"), and on December 18, 2009, the ALJ issued decision denying plaintiff's request for benefits. The Appeals Council denied plaintiff's request for review on October 7, 2010. On October 25, 2010, the Appeals Council received additional evidence, but against denied review on January 12, 2011. Plaintiff filed complaint in this court for review of the final administrative decision.

**DISCUSSION**

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales. 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)( 1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)( 1)(C). Absent a

2

specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1 )(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

The ALJ employed the sequential evaluation in this case. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 2005. At step two, the ALJ found that plaintiff suffered from the following impairments: fibromyalgia, osteoarthritis, irritable bowel syndrome, gastroesophageal reflux ("GERD"), and degenerative disc disease. However, the ALJ determined that theses impairments were not severe enough to meet the impairments listed in the regulations and that plaintiff had the residual functional capacity ("RFC") to perform light work. At step four, based on the testimony of a vocational expert ("VE"), the ALJ determined that plaintiff

was able to perform her past relevant work as a teacher's aide. Accordingly, the ALJ determined that plaintiff was not under a disability at any time through the date of his decision.

B.   Analysis

Plaintiff raises one objection to the M&R. Plaintiff argues that the magistrate judge failed to consider if the ALJ correctly evaluated the opinions of plaintiff's treating physician, Dr. Wendy Cipriani, under the correct legal standard. After careful consideration of the arguments presented and the evidence in the record, the court overrules plaintiff's objection for the reasons set forth below.

Though the opinion of a treating physician is generally entitled to "great weight," the ALJ is not required to give it "controlling weight." Craig, 76 F.3d at 590; Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. "If a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight, i.e., it must be adopted." SSR 96-2p. The Fourth Circuit has held that a treating physician's opinion in entitled to controlling weight *only* if it is supported by clinical and laboratory diagnostic techniques, *and* if it is not inconsistent with other evidence. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001); Garrett v. Astrue, 2012 WL 174655 at *3 (D.S.C. 2012); Ward v. Chater, 924 F.Supp. 53, 55 (W.D.Va. 1996).

When the ALJ does not give the opinion of a treating physician controlling weight, the ALJ must weight the opinion pursuant to the following non-exhaustive list: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship

4

between the physician and the claimant; (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the record and (5) whether the physician is a specialist. See 20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6); see also Johnson, 434 F.3d at 654. The ALJ's decision must contain "specific reasons for the weight given to the treating source's medical opinion, supported by substantial in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p. Plaintiff's objection specifically argues that the ALJ failed to consider these specific factors when rejecting Dr. Cipriani's opinions regarding plaintiff's pain and impairments.[1]

Although not noted explicitly in the M&R, plaintiff's memorandum in support of her motion for judgment on the pleadings argues that Dr. Cipriani's opinion should be given controlling weight. To the extent plaintiff's objection renews this argument, the court rejects it. Review of plaintiff's memorandum reveals that plaintiff fails to make specific citation to the record to demonstrate that Dr. Cipriani's opinion was supported by clinical and laboratory diagnostic techniques. Dr. Cipriani's 2008 report describing the limits that plaintiff could work, lift, walk etc, confirmed that no laboratory results or diagnostic tests supported the findings. (R. 337, 393.) As such, Dr. Cipriani's opinion as treating physician was not entitled to controlling weight. See Mastro, 270 F.3d at 178.

The court next considers whether the ALJ sufficiently considered the necessary factors when

---

[1] Dr. Cipriani diagnosed plaintiff in July 2008, with chronic pain and likely fibromyalgia, noting that plaintiff had a poor prognosis and no improvement since 2005. (M&R 6; R. 336.) Dr. Cipriani opined that plaintiff could only sit, stand or walk for on hour out of an eight hour workday and occasionally lift or carry over ten pounds. (R. 338-39.) In January 2010, Cipriani noted that plaintiff continued to be in chronic pain (R. 416.) In February 2010, Cipriani again noted that plaintiff suffered from chronic pain and "multiple medical problems" (R. 416.)

5

he decided to discount Dr. Cipriani's opinion. Upon a careful review of the ALJ's findings and the M&R, the court finds that the ALJ did consider the necessary factors. The ALJ acknowledged implicitly the length, frequency, nature, and extent of plaintiff's treatment relationship with Dr. Cipriani by citing to specific portions of the record that detail plaintiff's treatment history with Dr. Cipriani. (R. 20) (citing multiple exhibits in which Dr. Cipriani's opinions and assessments over the course of several years are included). Plaintiff suggests that the ALJ should have gone further in making these findings instead of just citing exhibits, yet plaintiff cites no authority requiring that the ALJ engage in a specific type of analysis. Where the court finds that the exhibits cited by the ALJ encompass the factors to be considered when discounting the treating physician's opinion, no error is found.

After acknowledging the factors of Dr. Cipriani's treatment relationship, the ALJ went on to specifically consider the supportability of Dr. Cipriani's opinions based on the other evidence of record, and to consider whether Dr. Cipriani's findings of plaintiff's limitations were consistent with the same. (R. 20-22.) The ALJ also discounted certain evidence, specifically the state agency residual functional capacity assessment because of various insufficiencies the ALJ found with it. (R. 21.) After considering the other evidence, among other things, a 2006 functional capacity evaluation and a 2008 evaluation by Dr. Le as well as the ALJ's own observations at the administrative hearing, the ALJ concluded that the opinion of Dr. Cipriani was not supported by objective medical evidence, nor was it supported by the other evidence of record. Upon close scrutiny of the ALJ's findings as well as the specific citations he made to the record, the court finds that he thoroughly considered the factors required to be considered in not adopting the treating physician's opinion.

6

Case 5:10-cv-00549-FL   Document 33   Filed 02/16/12   Page 6 of 7

The magistrate judge found that the ALJ sufficiently explained his reasoning in weighing the medical evidence, and based on the foregoing, this court agrees. The court further notes that its own review of the evidentiary record confirms that Dr. Cipriani's assessment of plaintiff's abilities was not supported by the evidence of record.[2] However, the court need not engage in further analysis where the plaintiff's objections to the M&R only addressed the method in which the ALJ considered Dr. Cipriani's assessments and the magistrate judge's conclusions regarding the same. Finding no error in either, the court adopts the recommendation of the magistrate judge.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full, GRANTS defendant's motion for judgment on the pleadings (DE # 29), DENIES plaintiff's motion for judgment on the pleadings (DE # 25), and upholds the final decision of the Commissioner. The Clerk is directed to close this case.

SO ORDERED this the 16th day of February, 2012.

/s/ Louise W. Flanagan
LOUISE W. FLANAGAN
United States District Judge

---

[2] The magistrate judge also considered, and this court has reviewed, the supplemental materials submitted to the Appeals Council after the ALJ issued his decision. This evidence also supports the ALJ's findings, in that it does not support the limitations Dr. Cipriani noted. (See R. 421-26, 433-36) (including the 2006 opinion of Dr. Ioana Stanescu showing good range of motion in the musculoskeletal region with tenderness in the fibromyalgia trigger points "suggesting fibromyalgia," more records from Dr. Cipriani suggesting fibromyalgia but noting that a second opinion was needed for degenerative joint disease, and an August 2010 spinal observation showing normal alignment, vertebral body heights and disc spaces to be well maintained, and some arthritis in the lower lumbar spine.)